IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WATERTON POLYMER PRODUCTS USA, LLC; WATERTON POLYMER PRODUCTS, LTD.,<br><br>    Plaintiffs,<br><br>vs.<br><br>EDIZONE, LLC,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' RULE 12(f) MOTION TO STRIKE IMMATERIAL ALLEGATIONS AND RULE 12(b)(6) MOTION TO DISMISS THIRD COUNTERCLAIM AND ALLOWING AMENDMENT<br><br>Case No. 2:12-CV-17 TS |

This matter is before the Court on Plaintiffs Waterton Polymer Products USA, LLC and Waterton Polymer Products, Ltd.'s Rule 12(f) Motion to Strike Immaterial Allegations and Rule 12(b)(6) Motion to Dismiss Third Counterclaim.  Through their Motion, Plaintiffs seek to strike paragraph 13 of Defendant's counterclaim and to dismiss Defendant's third counterclaim.  For the reasons discussed below, the Court will deny the Motion to Strike, grant the Motion to Dismiss, and allow Defendant an opportunity to amend its counterclaim.

I.  BACKGROUND

Plaintiffs filed this action on January 5, 2012.  Through their Complaint, Plaintiffs seek declaratory judgment that certain of their products do not infringe two of Defendant's patents: the '111 and '527 patents.  Defendant has answered and brought counterclaims alleging that Plaintiffs are infringing or threatening to infringe not only the '111 patent and '527 patent, but also Defendant's '341 patent.  Plaintiffs now seek to strike paragraph 13 of Defendant's counterclaim and to dismiss Defendant's third counterclaim related to the '341 patent.

II.  DISCUSSION

A.  RULE 12(f) MOTION

Rule 12(f) of the Federal Rules of Civil Procedure provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy."[1]  Motions to Strike under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.[2]

Defendant's counterclaim alleges that Plaintiffs are infringing or threatening to infringe three of Defendant's patents.  In addition, Paragraph 13 of Defendant's counterclaim states:

> EdiZONE reserves the right to determine from Plaintiff in this case whether Plaintiffs' processes and formulas for their accused products also include every element of at least one of the claims of one or more of the Other Patents as well,

---

[1] *Lane v. Page*, 272 F.R.D. 581, 587 (D. N.M. 2011) (quotation marks and citation omitted).

[2] 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1380 (2007).

and to amend its counterclaims to include any of the Other Patents hereafter determined to be infringed by Plaintiffs' accused products.[3]

Plaintiff seeks to strike paragraph 13, arguing that it is immaterial and prejudicial "because it consists solely of assertions that have no bearing upon any claim raised in the pleading."[4] Plaintiffs argue that only the three patents-in-suit are at issue and that through paragraph 13, Defendant "seeks to broaden and dramatically expand the scope of discovery in this case beyond the claims at issue."[5] This, Plaintiffs argue, should not be permitted.

Defendant opposes Plaintiffs' Motion to Strike, arguing that the information in paragraph 13 pertains to the issues in this suit. Specifically, Defendant argues that Plaintiffs' products infringe or could infringe additional patents.

Reviewing the Motion, the Court finds that Plaintiffs have failed to show that the drastic remedy of striking material from Defendant's counterclaim is warranted. The Court cannot find that Defendant's statement in paragraph 13 is immaterial. Rather, all paragraph 13 does is reserve the right for Defendant to bring additional claims should further discovery warrant such action. Of course, before Defendant may do so, it must follow the requirements of Federal Rule of Civil Procedure 15. This process will help alleviate Plaintiffs' concerns that Defendant would be permitted to litigate its counterclaims in a piecemeal fashion. Further, if Plaintiffs believe that Defendant is seeking discovery beyond the scope of this action, Plaintiffs are free to seek a protective order at any time. Therefore, the Court will deny Plaintiffs' Motion to Strike.

---

[3] Docket No. 8, at 11.

[4] Docket No. 11, at 4.

[5] *Id.* at 5.

B.     RULE 12(b)(6) MOTION

Plaintiffs next seek dismissal of Defendant's third counterclaim, arguing it is deficient under Fed. R. Civ. P. 12(b)(6).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[6]  Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[7] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[9]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[10]  As the Court in *Iqbal* stated, "only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

---

[6]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[8]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9]*Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[10]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

4

requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief."[11]

As an initial matter, the parties dispute whether Defendant has brought a claim under 35 U.S.C. § 271(g) or under 35 U.S.C. § 271(a). The Court need not resolve the parties' various arguments on this point because Defendant's third counterclaim suffers from a larger deficiency. Defendant's third counterclaim is made up solely of the type of unadorned accusations devoid of factual development that were rejected in *Iqbal* and *Twobly*. Therefore, dismissal is appropriate. However, Defendant has sought leave to amend should the Court find its counterclaim deficient. Plaintiffs did not oppose this request in their reply. Therefore, the Court will permit Defendant to file an amended counterclaim.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Rule 12(f) Motion to Strike Immaterial Allegations and Rule 12(b)(6) Motion to Dismiss Third Counterclaim (Docket No. 10) is GRANTED IN PART AND DENIED IN PART as set forth above. Defendant may file an amended counterclaim within twenty-eight (28) days of this Order.

The hearing set for September 24, 2012, is STRICKEN.

---

[11] *Iqbal*, 556 U.S. at 679 (alteration in original) (internal quotation marks and citations omitted).

DATED   September 11, 2012.

                                        BY THE COURT:

                                        _____
                                        TED STEWART
                                        United States District Judge