IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| WATERTON POLYMER PRODUCTS USA, LLC; WATERTON POLYMER PRODUCTS, LTD., <br><br> Plaintiffs, <br><br>v. <br><br>EDIZONE, LLC, <br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT <br><br><br> Case No. 2:12-CV-17 TS <br><br>District Judge Ted Stewart |
|---|---|

This matter is before the Court on Plaintiffs' Motion for Leave to File Amended Complaint. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Plaintiffs Waterton Polymer Products USA, Inc. (formerly known as Waterton Polymer Products USA, LLC) and Waterton Polymer Products, Ltd. (collectively, "Plaintiffs") brought this action against Defendant EdiZONE, LLC ("Defendant") seeking a declaratory judgment of non-infringement. Defendant filed a counterclaim seeking a determination that Plaintiffs' products infringe three of Defendant's patents.

Defendant initially argued infringement of United States Patent Nos. 5,749,111 (the "'111 patent"), 6,026,527 (the "'527 patent"), and 7,666,341 (the "'341 patent"), but later filed a Second Amended Counterclaim asserting infringement of the '111 patent, the '527 patent, and United States Patent No. 6,797,765 (the "'765 patent"). Plaintiffs asserted an affirmative defense of invalidity as to the '765 patent, but not the '111 or '527 patents. No claim of invalidity was raised as to these two patents. Defendant has represented, and Plaintiffs have not denied, that

1

Plaintiffs' counsel informed Defendant's counsel that invalidity as to these two patents would not be claimed. The invalidity contentions initially supplied by Plaintiffs related only to either the '341 patent or the '765 patent, not the '111 or '527 patents.

The parties proceeded to claim construction. In its Memorandum Decision and Order on Claim Construction, the Court largely agreed with Defendant's proposed claim construction and Defendant has now moved for summary judgment on the issue of infringement. Plaintiffs seek to amend their Complaint to add claims of invalidity as to the '111 and '527 patents. Since the Court's ruling on claim construction, Plaintiffs have provided invalidity contentions as to the '111 and '527 patents.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."[1] The rule specifies that "[t]he court should freely give leave when justice so requires."[2] The Supreme Court has indicated that courts may withhold leave to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."[3]

Plaintiffs argue that leave should be granted in this case because the proposed amendment is narrow in scope, Plaintiffs timely sought amendment when the issue became ripe, and Plaintiffs already disclosed its final invalidity contentions to Defendant. Plaintiffs further

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Id.*

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

argue that Defendant will not be prejudiced because Defendant is familiar with the substance of the invalidity defenses, no trial date has been set, and there is sufficient time to allow discovery that the parties may require. Defendant argues that leave should not be given "where, as here, the plaintiff lost on its chosen legal theory and now seeks leave to amend in order to try a different legal theory it could have raised earlier."[4]

A. UNDUE DELAY

Undue delay is one of the reasons the Supreme Court has provided as a basis for denying leave to amend. However, "[l]ateness does not of itself justify the denial of the amendment."[5] But "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."[6] "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[7]

---

[4] Docket No. 49, at 2. Defendant requests the Court analyze Plaintiffs' Motion under Rules 16(b)(4) and 6(b)(1)(B) because Plaintiffs' Motion comes after the deadline for filing amended pleadings. Certain courts have engaged in such an analysis. However, the Tenth Circuit Court of Appeals "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders." *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009). Because Plaintiffs cannot meet the Rule 15 standard, the Court need not address this issue. *Id.*

[5] *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975).

[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (citation omitted) (internal quotation marks omitted).

[7] *Id.* (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

The Tenth Circuit "focuses primarily on the reasons for the delay."[8] "[D]enial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[9] "Furthermore, '[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'"[10]

> Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay[ ] raising [an] issue until the eve of trial.[11]

Plaintiffs argue that they timely sought leave to amend after the Court's order on claim construction. However, it is clear that Plaintiffs knew of the facts supporting their proposed invalidity claims well before the Court's ruling. Plaintiffs admit as much by stating that they informed Defendants of their invalidity claim "both prior to and during this litigation."[12]

Plaintiffs attempt to argue that they could not have brought such claims until after the Court's ruling on claim construction, but this is simply not true. Plaintiffs were aware of the facts supporting such a claim prior to the Court's decision. Instead of diligently raising those claims, Plaintiffs chose not to bring invalidity claims in the hopes that the Court would adopt

---

[8] *Id.*

[9] *Id.* (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1987)).

[10] *Frank*, 3 F.3d at 1366 (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

[11] *Minter*, 451 F.3d at 1206 (alterations in original) (citations omitted) (internal quotation marks omitted).

[12] Docket No. 50, at 8; *see also* Docket No. 43, at 8 (stating that the "invalidity argument has been 'in play' in this case for many months")

their proposed claim construction. Having lost at that stage, Plaintiffs now seek to raise for the first time the alleged invalidity of the '111 and '527 patents.

Plaintiffs made a strategic decision to focus their initial efforts on claim construction rather than pleading invalidity. Having been unsuccessful in their attempt to convince the Court to adopt their proposed claim construction, it is inappropriate to now use amendment to add claims of which Plaintiffs were aware. Such amendment would essentially make Plaintiffs' Complaint a moving target. Therefore, the Court finds that Plaintiffs unduly delayed in seeking leave to amend.

B.  PREJUDICE

The "most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[13] "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[14]

Defendant represents, and Plaintiffs do not deny, that counsel met early in these proceedings to discuss this case. Plaintiffs' counsel apparently informed Defendant's counsel that the issue of invalidity as to the '111 and '527 patents would not be raised, as those patents had gone through extensive reexamination proceedings. Defendant relied upon this representation in determining how to proceed in this matter and will be prejudiced if Plaintiffs are now allowed to change course. As Defendant correctly states, patent invalidity claims carry

---

[13] *Minter*, 451 F.3d at 1207.

[14] *Id.* at 1208.

risks that have not been present in this case and it would be prejudicial to allow Plaintiffs to raise them at this point.

Plaintiffs argue that Defendant cannot show prejudice because they have disclosed their invalidity contentions and that this case is not scheduled for trial. This argument, however, ignores the fact that Plaintiffs' invalidity contentions as to the '111 and '527 patents were not disclosed until after the Court's ruling on claim construction. Further, the reason that this case is not currently scheduled for trial is that the parties could not agree to a scheduling order, despite being ordered by the Court to do so, because Plaintiffs were seeking leave to amend to add claims of invalidity. Thus, Plaintiffs cannot use these reasons as a basis to show a lack of prejudice to Defendant.

C.   BAD FAITH

The Court further finds that Plaintiffs' attempt to amend is in bad faith. As explained, Plaintiffs' counsel represented that claims of invalidity would not be raised as to the '111 and '527 patents. While the Court need not decide whether this representation constitutes a waiver of any invalidity claim, the Court believes that Plaintiffs have acted in bad faith in seeking to bring such a claim after representing to Defendant that they would not.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Leave to File Amended Complaint (Docket No. 43) is DENIED. The parties are ORDERED to file an attorney planning meeting report and proposed scheduling order within fourteen (14) days of this Order.

DATED this 14th day of April, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge