IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WATERTON POLYMER PRODUCTS USA, INC. (formerly known as WATERTON POLYMER PRODUCTS USA, LLC), and WATERTON POLYMER PRODUCTS, LTD., <br><br> Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> EDIZONE, LLC, <br><br> Defendant-Counterclaimant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT-COUNTERCLAIMANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT AND THE FIRST AND SECOND CLAIMS FOR RELIEF IN ITS COUNTERCLAIMS <br><br><br> Case No. 2:12-CV-17 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendant-Counterclaimant's Motion for Summary Judgment. Defendant seeks judgment on (1) Plaintiffs' Complaint, which seeks declaratory judgment of non-infringement, and (2) Defendant's First and Second Claims for Relief in Defendant's counterclaim, which allege infringement of US Patent No. 5,749,111 (the "'111 patent") and US Patent No. 6,026,527 (the "'527 patent"). For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiffs filed this action seeking declaratory judgment that their products do not infringe Defendant's '111 and '527 patents. Defendant filed a counterclaim, asserting claims that Plaintiffs' products infringe Defendant's '111 and '527 patents, as well as a third patent.[1] The

---

[1] Defendant's Third Claim for Relief asserting infringement of US Patent No. 6,797,765 (the "'765 patent) and Plaintiffs' claims of invalidity as to the '765 patent are not currently before the Court.

1

sole issue presented by this Motion is whether Defendant has met its burden on summary judgment to demonstrate that Plaintiffs' products exhibit the "buckling" required by the patents.[2]

Claim 1 of the '111 patent and claims 1 and 33 of the '527 patent are identical. They state: "wherein at least one of said column walls is capable of buckling beneath a protuberance that is located on the cushioned object." The Court construed the relevant terms of the patents on December 20, 2013. The Court construed buckling to mean "the planned failure or collapse of a column wall resulting in redistribution or lessening of the load carried by the column when the pressure is applied to the top of the column wall."[3]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[5] "Once the movant has made this

---

[2] Defendant argues that Plaintiffs have waived the ability to assert that their products do not exhibit buckling. As discussed below, the Court finds that Defendant is entitled to summary judgment on the issue of infringement. Therefore, the Court need not discuss Defendant's waiver argument.

[3] Docket No. 39, at 16.

[4] Fed. R. Civ. P. 56(a).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

showing, the burden shifts to the nonmovant to designate specific facts showing that there is a genuine issue for trial."[6]

### III. DISCUSSION

The "patentee must supply sufficient evidence to prove that the accused product or process meets every element or limitation of a claim."[7] Plaintiffs argue that Defendant has failed to provide sufficient evidence to meet its burden on summary judgment. The Court disagrees.

First, Defendant has provided pictographic evidence showing that the walls of Plaintiffs' products fail or collapse when a protuberance is applied to the top of the column wall. Defendant further demonstrated this failure or collapse at oral argument, where the Court was able to observe that Plaintiffs' products buckle, as that term has been defined.

Second, Defendant provided the expert testimony of Evan W. Call. Mr. Call has compared the claims of the '111 and '527 patents as construed by the Court to Plaintiffs' products. Relevant to this Motion, Mr. Call states that "[w]hen an irregular shaped object where one surface is broken by a protruding structure is placed on the sample, the columns of the sample buckle beneath the protuberance as described in this claim."[8] Mr. Call concludes by finding that "each and every element listed in claim 1 of the '111 patent and claims 1 and 33 of the '527 patent are found in the samples identified in Exhibits A-D."[9]

---

[6] *Novartis Corp. v. Ben Venue Lab., Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001).

[7] *Rohm & Hass Co. v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997).

[8] Docket No. 48 ¶¶ 17, 26, 34.

[9] *Id.* ¶ 36. Plaintiffs contend that Mr. Call may lack the appropriate qualifications to offer an expert opinion in this field. However, the Court notes that Mr. Call is a research scientist and has experience testing elastomeric materials. Therefore, for the purposes of this Motion, the Court finds that Mr. Call is adequately qualified to offer an opinion.

Finally, Defendant provided Plaintiffs' own advertising materials, which demonstrate that Plaintiffs' products exhibit buckling. In discussing their products, Plaintiffs explain that "[a]n engineering process of 'column collapsing' enables each ReviveGel column to support a certain amount of weight. If the shoulder or hip load gets too heavy for a particular column, *it will buckle or collapse and not push back until the weight has been redistributed to surrounding columns*."[10] At oral argument, Plaintiffs acknowledged that these statements refer to the allegedly infringing products. As set forth above, the Court construed buckling as "the planned failure or collapse of a column wall resulting in redistribution or lessening of the load carried by the column when the pressure is applied to the top of the column wall." This is precisely what Plaintiffs state their products do.

Despite this evidence, Plaintiffs argue that Defendant has failed to meet its burden. Plaintiffs first argue that Defendant offered merely conclusory statements, which are insufficient to demonstrate infringement. In support, Plaintiffs rely on *Rohm & Hass Co. v. Brotech Corp.* In that case, the patentee "offered nothing more than its expert's general opinion that the accused product or process infringed the patents."[11] The court found such evidence insufficient for the patentee to meet its burden of proof.[12]

The evidence in this case is much more substantial than that offered in *Rohm*. In this case, Defendant has provided a picture demonstrating that Plaintiffs' products fail or collapse when pressure is applied to the top of the column wall and further demonstrated that failure or collapse during oral argument. Turning specifically to Mr. Call's declaration, the Court finds

---

[10] Docket No. 46 Ex. K, at EDIZONE 4242 (emphasis added).

[11] *Rohm & Hass Co.*, 127 F.3d at 1092.

[12] *Id.* at 1093.

that it does more than merely state that Plaintiffs' products infringe. Rather, Mr. Call states that the samples of Plaintiffs' products he examined buckle beneath a protuberance that is placed on the sample. While Mr. Call's statements on the issue of buckling are brief, there is little more that needs to be said on that issue. Moreover, Plaintiffs' own advertising materials admit that their products buckle, as that term has been defined by the Court. Those materials tout that buckling is an important component of the products at issue. Therefore, this argument fails.

Plaintiffs further argue that Defendant has not met its burden on summary judgment because the products at issue require more testing. In support, Plaintiffs have provided the Declaration of Douglas G. Schmucker, Ph.D. Dr. Schmucker states that "[b]uckling may occur in the Waterton product,"[13] but states that further testing "will indicate to what extent it develops and whether there is a directly predictable pattern such that it could be utilized as a planned aspect of the product."[14]

Dr. Schmucker's opinion does nothing to alter the Court's conclusion. Dr. Schmucker recommends testing in part to determine the extent to which buckling develops. However, the Court need not determine the extent of the buckling, only that buckling occurs. As the Court has already stated, "buckling can occur in varying degrees."[15] Thus, the degree to which Plaintiffs' products buckle is irrelevant. Further, the fact that Plaintiffs' products may exhibit other behaviors, such as bending or dimpling, does not take away from the fact that Plaintiffs' columns exhibit buckling.

---

[13] Docket No. 55 ¶ 2.
[14] *Id.*
[15] Docket No. 39, at 9.

Dr. Schmucker also states that further testing is required to determine whether there is a directly predictable pattern such that it could be utilized as a planned aspect of the product. This, however, seems to misinterpret the Court's construction of buckling. The Court construed buckling as the planned failure or collapse of a column wall, but nowhere in the claim or the Court's construction is there a requirement that such failure or collapse occur in a predictable pattern. The use of the word "planned" by the Court was meant to show that it is the intent of the design to allow for the column walls to fail or collapse when pressure is applied, not that there must be some directly predictable pattern such that it could be utilized as a planned aspect of the product. Therefore, this argument also fails and the Court finds that Defendant has met its burden of showing infringement.

In addition to arguing that Defendant has failed to meet its burden on summary judgment, Plaintiffs request additional time to conduct discovery pursuant to Rule 56(d).

Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[16] "A party seeking to defer a ruling on summary judgment under Rule [56(d)] must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'"[17] "[T]he nonmovant also

---

[16] Fed. R. Civ. P. 56(d).

[17] *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)) (alteration in original).

must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact."[18]

Plaintiffs have submitted the declaration of their counsel. Plaintiffs reference the opinion of Dr. Schmucker and his recommendation concerning the testing of Plaintiffs' products. Plaintiffs seek "time to conduct discovery regarding any such testing conducted on behalf of EdiZONE."[19]

As set forth above, the testing recommended by Dr. Schmucker is irrelevant to the issues before the Court. Therefore, no additional discovery on these issues is required. Even if the testing recommended were relevant, Plaintiffs' request under Rule 56(d) still fails. Plaintiffs fail to explain why they have been unable to conduct these tests, nor have they explained the steps they have taken to complete these tests. Plaintiffs suggest that Defendant, as the party with the burden on summary judgment, should conduct this testing. However, as set forth above, the Court finds that Defendants have met their burden on summary judgment. As a result, the burden shifts to Plaintiffs to demonstrate a genuine issue of fact. Plaintiffs have failed to do so.

Defendant requests that the Court enter an immediate injunction. The issue of an injunction has not been fully briefed. Therefore, the Court declines to enter an injunction at this time. However, Defendant may file a properly supported motion for injunctive relief, if it so chooses. In addition, the Court directs the parties to meet and confer within fourteen (14) days of this order to determine how they wish to proceed on the remaining issues.

---

[18] *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (quotation marks and citation omitted).

[19] Docket No. 56 ¶ 4.

## III. CONCLUSION

It is therefore

ORDERED that Defendant-Counterclaimant's Motion for Summary Judgment (Docket No. 45) is GRANTED. The parties are directed to submit a proposed scheduling order by June 12, 2014.

DATED this 13th day of May, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge