IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WATERTON POLYMER PRODUCTS USA, INC. (formerly known as WATERTON POLYMER PRODUCTS USA, LLC), and WATERTON POLYMER PRODUCTS, LTD., <br><br> Plaintiffs-Counter Defendants, <br><br> v. <br><br> EDIZONE, LLC, <br><br> Defendant-Counterclaimant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT-COUNTERCLAIMANT'S MOTION FOR ENTRY OF JUDGMENT AWARDING IT (1) INJUNCTIVE RELIEF, (2) MINIMUM DAMAGES, AND (3) INTEREST <br><br><br> Case No. 2:12-CV-17 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendant-Counterclaimant's Motion for Entry of Judgment Awarding it (1) Injunctive Relief, (2) Minimum Damages, and (3) Interest. For the reasons discussed below, the Court will deny Defendant's request for a permanent injunction without prejudice. In addition, the Court will leave the issue of damages to the trier of fact and will defer determination of prejudgment interest until after trial.

I. BACKGROUND

Plaintiffs filed this action seeking declaratory judgment that their products do not infringe Defendant's US Patent No. 5,749,111 (the "'111 patent") and US Patent No. 6,026,527 (the "'527 patent"). Defendant filed a counterclaim, asserting claims that Plaintiffs' products infringe Defendant's '111 and '527 patents, as well as a third patent.[1]

---

[1] A trial on the parties' claims concerning US Patent No. 6,797,765 (the "'765 patent) is set for November 17, 2014.

1

On May 13, 2014, the Court granted Defendant-Counterclaimant's Motion for Summary Judgment, finding that the products at issue infringe the '111 and '527 patents. The Court declined Defendant-Counterclaimant's request to enter a permanent injunction, but allowed Defendant-Counterclaimant an opportunity to file a properly supported motion. Defendant-Counterclaim has now filed that Motion.

## II. DISCUSSION

A. PERMANENT INJUNCTION

The Supreme Court has stated that, to be entitled to a permanent injunction, a plaintiff must demonstrate: (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.[2]

*1. Irreparable Injury and Lack of Adequate Remedy at Law*

The Court will address the first two factors together.[3] Defendant-Counterclaimant argues that it will suffer loss of market share, revenues, profits, goodwill, and brand recognition should Plaintiffs be allowed to continue to infringe. While such injuries are undoubtedly irreparable, Defendant-Counterclaimant has offered little evidence that it will suffer such injuries should a permanent injunction fail to issue.

Defendant-Counterclaimant complains that Plaintiffs are selling and offering for sale their infringing products. However, the evidence shows that Plaintiffs have only made one

---

[2] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

[3] *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1327 (Fed. Cir. 2008).

infringing sale. While there is evidence that Plaintiffs have analyzed and made efforts to enter the United States market, there is little evidence to suggest that Plaintiffs have taken any additional steps since the filing of this lawsuit. The Court's analysis on this point would likely change if Defendant-Counterclaimant could point to further evidence showing that Plaintiffs were making infringing sales or otherwise taking action to enter the U.S. market.

Defendant-Counterclaimant further argues that, if an injunction is not issued, its licensees may seek to terminate their license agreements and Defendant-Counterclaimant may be required to change its business model. However, there is no evidence suggesting that any licensee has threatened to terminate its license should an injunction not be issued, nor is there evidence that a lack of an injunction would require Defendant-Counterclaimant to alter the way it conducts business. Any such harm is simply too speculative to necessitate a permanent injunction.

Further, the bulk of the harm, if any, would likely be suffered by Defendant-Counterclaimant's licensees, not Defendant-Counterclaimant itself. The important aspect of this element is the harm that Defendant-Counterclaimant will suffer if the permanent injunction is not issued, not that of third parties.[4] To the extent that Defendant-Counterclaimant is harmed in terms of loss of royalties, such harm is calculable and capable of being remedied by monetary damages.

In addition to failing to present evidence of irreparable injury, the Court finds that any harm can be adequately compensated through monetary damages. Defendant-Counterclaimant licenses its patents, including the patents-in-suit, to a variety of licensees. The Court recognizes

---

[4] *See Voda v. Cordis Corp.*, 536 F.3d 1311, 1329 (Fed. Cir. 2008) (holding that "the district court did not clearly err in finding that Voda failed to show that Cordis's infringement caused *him* irreparable injury").

3

that "[w]hile the fact that a patentee has previously chosen to license the patent may indicate that a reasonable royalty does compensate for an infringement, that is but one factor for the district court to consider."[5]

> The fact of the grant of previous licenses, the identity of the past licensees, the experience in the market since the licenses were granted, and the identity of the new infringer all may affect the district court's discretionary decision concerning whether a reasonable royalty from an infringer constitutes damages adequate to compensate for the infringement.[6]

Defendant-Counterclaimant argues that it has chosen to ally itself with others who are willing to bear the risk or making, marketing, and selling products covered by their patents. Defendant-Counterclaimant argues that it does not trust Plaintiffs because it believes that Plaintiffs are "in league with other prior infringers."[7]

The evidence on this point is rather tenuous. However, even recognizing the fact that Defendant-Counterclaimant may not want to do business with Plaintiffs, such is not a sufficient reason to allow for an injunction. If this were a sufficient basis for entering an injunction, injunctions would be issued in nearly every infringement action, rendering *eBay* meaningless. Based upon these considerations, the Court finds that Defendant-Counterclaimant has not shown that it will suffer irreparable harm that cannot be adequately compensated.

### 2. *Balance of Hardships*

Plaintiffs do not argue that they would suffer harm if an injunction were to issue, nor is there evidence from which the Court could find that Plaintiffs would suffer hardship. As Defendant-Counterclaimant correctly points out, Plaintiffs would be permitted to continue

---

[5] *Acumed LLC*, 551 F.3d at 1328.
[6] *Id.*
[7] Docket No. 73, at 22.

4

selling its products outside the United States and would be allowed to sell its non-infringing products. However, as Defendant-Counterclaimant has failed to show irreparable injury, this factor is neutral.

   3.  *Public Interest*

"[T]he touchstone of the public interest factor is whether an injunction, both in scope and effect, strikes a workable balance between protecting the patentee's rights and protecting the public from the injunction's adverse effects."[8] In this matter, the public interest would not be disserved by the issuance of an injunction. However, as the other factors are either neutral or weigh against a permanent injunction, this factor is not sufficient to support injunctive relief.

B.  DAMAGES AND INTEREST

In addition to seeking injunctive relief, Defendant-Counterclaimant requests an award of damages for Plaintiffs' past infringement. The parties have presented widely varying figures as to the proper measure of damages. "The assessment of damages is a question of fact, and is decided by the jury when tried to a jury."[9]

This matter is set for a jury trial on November 17, 2014. The issue of damages to be awarded, if any, is an issue that is proper for the jury to determine at trial. Therefore, the Court will deny Defendant-Counterclaimant's Motion with regard to damages without prejudice to allow the issue to be addressed to the jury. The Court will also defer its determination of prejudgment interest until after the jury has rendered its verdict on damages.

---

[8] *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 865 (Fed. Cir. 2010).

[9] *Utah Med. Prods., Inc. v. Graphic Controls Corp.*, 350 F.3d 1376, 1381 (Fed. Cir. 2003) (internal quotation marks omitted). The Court recognizes that Defendant-Counterclaimant seeks to proceed to trial if its request for a permanent injunction or for a monetary award is denied. *See* Docket No. 73, at 31.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant-Counterclaimant's Motion for Entry of Judgment Awarding it (1) Injunctive Relief, (2) Minimum Damages, and (3) Interest (Docket No. 73) is DENIED as set forth above.  The Court will deny the Motion without prejudice and will allow Defendant-Counterclaimant an opportunity to seek a permanent injunction after the trial has been conducted in this matter.

DATED this 30th day of September, 2014.

BY THE COURT:

Ted Stewart
United States District Judge