IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WATERTON POLYMER PRODUCTS USA, LLC; WATERTON POLYMER PRODUCTS, LTD., <br><br>                Plaintiffs, <br><br> v. <br><br> EDIZONE, LLC, <br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR AN ADVERSE INFERENCE JURY INSTRUCTION <br><br><br><br> Case No. 2:12-CV-17 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for an Adverse Inference Jury Instruction.  For the reasons discussed below, the Court will deny Defendant's Motion.

In its Motion, Defendant requests the Court give an adverse inference instruction to the jury based on Plaintiffs' alleged failure to supplement their production of documents and discovery responses under Federal Rule of Civil Procedure 26(e).

"Jury instructions on the adverse inference rule are permissible in federal court when there exists an 'unexplained failure or refusal of a party . . . to produce evidence that would tend to throw light on the issues.'"[1]  "For the adverse inference rule to be applicable, certain factors must generally be present."[2]  The Tenth Circuit has cited the following factors as relevant: "'(1) it appears that the documentary evidence exists or existed; (2) the suppressing party has possession or control of the evidence; (3) the evidence is available to the suppressing party, but

---

[1] *Gilbert v. Cosco, Inc.*, 989 F.2d 399, 406 (10th Cir. 1993) (quoting *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir. 1983)).

[2] *Id.*

not to the party seeking production; (4) it appears that there has been actual suppression or withholding of evidence.'"[3]

Considering these factors, the Court finds that an adverse inference instruction is not warranted at this time.  While it appears that Plaintiffs have failed to timely provide relevant documents, Plaintiffs represent that they have undertaken "an internal review and [are] producing to EdiZONE current copies of its marketing materials."[4]  The Court takes Plaintiffs at their word that they have, or soon will, provide Defendant with all relevant documents in their possession, including documents related to their promotional activities and marketing efforts.[5]

Based upon the facts presented, the Court finds that Defendant has not met its burden and no adverse inference instruction will be given.  However, both parties are reminded of their continuing discovery obligations.  Failure to comply with these obligations may result in sanctions, including the Court's reconsideration of this Motion.[6]

It is therefore

ORDERED that Defendant's Motion for an Adverse Inference Jury Instruction (Docket No. 113) is DENIED.

---

[3] *Id.* (quoting *Evans v. Robbins*, 897 F.2d 966, 970 (8th Cir. 1990)).

[4] Docket No. 125, at 5.

[5] For the reasons stated in the Court's rulings on Plaintiffs' Motion in Limine, the Court disagrees with Plaintiffs' argument that such materials are not relevant to the issues remaining in this case.  Such evidence may be relevant to both the determination of a reasonable royalty and whether Defendant is entitled to permanent injunctive relief.

[6] *See* Fed.R.Civ.P. 37(c).

DATED this 6th day of November, 2014.

BY THE COURT:

Ted Stewart
United States District Judge