IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WATERTON POLYMER PRODUCTS USA, LLC; WATERTON POLYMER PRODUCTS, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> EDIZONE, LLC, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EVIDENCE PERTINENT TO EDIZONE'S MOTION FOR A PERMANENT INJUNCTION <br><br><br> Case No. 2:12-CV-17 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion in Limine to Preclude Evidence Pertinent to EdiZONE's Motion for a Permanent Injunction. Through their Motion, Plaintiffs seek to preclude Defendant from introducing evidence pertaining to Defendant's request for a permanent injunction, including testimony regarding any alleged impact that Plaintiffs' activities have had on Defendant and documents allegedly evidencing Plaintiffs' activities in the United States. For the reasons discussed below, the Court will deny the Motion.

Plaintiffs correctly point out that injunctive relief is a matter to be decided by the Court, not the jury. Plaintiffs further argue that Defendant already filed a motion for permanent injunctive relief, which was denied by the Court. Plaintiffs state that Defendant "should not be permitted to take a second bite at the injunctive relief apple now."[1] Plaintiffs argue that allowing evidence related to the issue of injunctive relief would be needless and duplicative, and has a significant potential for confusing the jury.

---

[1] Docket No. 109, at 4.

Defendant responds by pointing out that the Court denied its request for injunctive relief without prejudice and specifically stated that its analysis may change should Defendant be able to provide additional evidence in support of its request. Defendant further argues that much of the evidence Plaintiffs seek to exclude is relevant to the jury's determination of a reasonable royalty.

Injunctive relief remains an issue for the Court. While the Court denied Defendant's motion seeking a permanent injunction, it did so without prejudice. Further, the Court indicated that its analysis could change if Defendant was able to provide additional evidence in support of its Motion. Therefore, the Court must reject Plaintiffs' argument that Defendant is seeking a second bite at the apple. The Court specifically permitted Defendant to renew its request for injunctive relief after trial.

The more difficult question becomes how to deal with this evidence at trial. The issue of injunctive relief is for the Court. Yet, some of the same evidence may be relevant to the jury in determining a reasonable royalty.[2] Therefore, the Court will not preclude Defendant from presenting evidence that might be considered by the Court in determining whether to issue a permanent injunction if that evidence also pertains to the jury's analysis, provided that evidence complies with Federal Rule of Evidence 403. Objections to specific evidence may be raised at trial.

The Court is cognizant of Plaintiffs' concern that such evidence might be duplicative and has the potential for juror confusion. If the parties believe there is a way to separate the evidence

---

[2] *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

that is relevant to the issues before the jury from the evidence that is relevant to the issues before the Court, assuming there is truly no overlap, the Court is amenable to hearing that evidence outside the presence of the jury, either on a break or after the jury has concluded its service for the day.  In addition, the Court will consider providing the jury a cautionary instruction, should Plaintiffs believe such an instruction is necessary.

It is therefore

ORDERED that Plaintiffs' Motion in Limine to Preclude Evidence Pertinent to EdiZONE's Motion for a Permanent Injunction (Docket No. 109) is DENIED as set forth above.

DATED this 6th day of November, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge