IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WATERTON POLYMER PRODUCTS USA, LLC; WATERTON POLYMER PRODUCTS, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> EDIZONE, LLC, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING THE COURT'S CLAIM CONSTRUCTION, SUMMARY JUDGMENT RULINGS, AND THE ISSUE OF INFRINGEMENT <br><br> Case No. 2:12-CV-17 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion in Limine to Preclude Evidence or Argument Regarding the Court's Claim Construction, Summary Judgment Rulings, and the Issue of Infringement. Through their Motion, Plaintiffs seek to preclude Defendant from introducing evidence pertaining to the Court's claim construction and summary judgment rulings, as well as evidence pertinent to infringement. Specifically, Plaintiffs seek to exclude remarks by counsel for Defendant regarding the Court's rulings, copies of the patents-in-suit, samples of Plaintiffs' products, photographs of Plaintiffs' production line, and documents evidencing Plaintiffs' alleged marketing efforts. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

Plaintiffs argue that their requested relief should be granted for two reasons. First, Plaintiffs argue that the upcoming trial is limited to damages and that, other than being informed that the Court has found infringement, the jury need not be informed of the Court's prior rulings

1

or infringement generally.  Second, Plaintiffs argue that any probative value that such evidence may have will be substantially outweighed by the potential for prejudice or jury confusion.

Defendant agrees that the jury should be informed of infringement and states that it does not intend to offer into evidence the Court's written rulings or otherwise attempt to retry the issue of infringement.  Defendant also states that it no longer intends to introduce photographs of Plaintiffs' production line.  However, Defendant argues that Plaintiffs' Motion seeks to exclude otherwise relevant evidence.

The Court will not permit either party to introduce the Court's prior rulings as evidence. However, the Court will allow the parties to reference the Court's rulings to the extent necessary to put this dispute into context for the jury.  Further, the Court will not exclude evidence simply because it pertains to infringement.  The Court will allow the introduction of evidence that is relevant to the jury's consideration of a reasonable royalty,[1] subject to Federal Rule of Evidence 403.  Objections to specific evidence may be raised at trial.

It is therefore

ORDERED that Plaintiffs' Motion in Limine to Preclude Evidence or Argument Regarding the Court's Claim Construction, Summary Judgment Rulings, and the Issue of Infringement (Docket No. 108) is GRANTED IN PART AND DENIED IN PART as set forth above.

---

[1] *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

DATED this 6th day of November, 2014.

                                      BY THE COURT:

                                      _____
                                      Ted Stewart
                                      United States District Judge