IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WATERTON POLYMER PRODUCTS USA, LLC; WATERTON POLYMER PRODUCTS, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> EDIZONE, LLC, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EVIDENCE PERTINENT TO WILLFULNESS <br><br><br> Case No. 2:12-CV-17 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion in Limine to Preclude Evidence Pertinent to Willfulness. Through their Motion, Plaintiffs seek to preclude Defendant from introducing evidence pertaining to willful infringement, including testimony from Barry McCann and/or Rex Haddock, as well as documents allegedly pertaining to Plaintiffs' marketing efforts in the United States, and communications with McCann and/or Haddock. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

In response to Plaintiffs' Motion, Defendant represents that it will not be introducing evidence or arguing that Plaintiffs' infringement was willful. Therefore, to the extent Plaintiffs' Motion seeks to preclude Defendant from asserting a claim for willful infringement, it will be granted.

Defendant nevertheless argues that Plaintiffs' Motion should be denied as it seeks to exclude evidence that is otherwise relevant to the jury's consideration of a reasonable royalty. The Court agrees. It appears that at least some of the evidence Plaintiffs seek to exclude may be

relevant under one or more of the factors delineated in *Georgia-Pacific Corp. v. United States Plywood Corp.*[1] Evidence that is relevant under these factors will not be excluded, provided that evidence is admissible under Federal Rule of Evidence 403. Objections to specific evidence may be raised at trial.

It is therefore

ORDERED that Plaintiffs' Motion in Limine to Preclude Evidence Pertaining to Willfulness (Docket No. 107) is GRANTED IN PART AND DENIED IN PART as set forth above.

DATED this 6th day of November, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[1] 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

2