IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WATERTON POLYMER PRODUCTS USA, LLC; WATERTON POLYMER PRODUCTS, LTD., <br><br>　　　　　　　Plaintiffs, <br><br>v. <br><br>EDIZONE, LLC, <br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT AS A MATTER OF LAW <br><br><br> Case No. 2:12-CV-17 TS <br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Plaintiffs' Motion for Judgment as a Matter of Law. Plaintiffs made the Motion orally at the conclusion of the trial held from November 17, 2014, to November 20, 2014. For the reasons discussed below, the Court will deny the Motion.

　　　　Federal Rule of Civil Procedure 50(a) provides,

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

　　　　Plaintiffs argue that they are entitled to judgment as a matter of law under Rule 50 because Defendant failed to establish damages with reasonable certainty.

　　　　Upon a finding of infringement, "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made

1

of the invention by the infringer."[1]  "The patentee must . . . prove the amount of damage"[2] and "the fact finder must determine what royalty is supported by the record."[3]  "[I]f the patentee's proof is weak, the court is free to award a low, perhaps nominal, royalty, as long as that royalty is supported by the record."[4]  "In the absence of any evidence as to what would constitute a reasonable royalty in a given case, a fact finder would have no means of arriving at a reasonable royalty, and none could be awarded."[5]  "[T]here must at the least be enough evidence in the record to allow the factfinder to formulate a royalty."[6]

In this case, Plaintiffs have admitted to making three infringing sales, receiving a total of $3,675.20.  In addition, there was evidence from which the jury could find that Plaintiffs engaged in other infringing activity.  Finally, Defendant presented evidence on a variety of the *Georgia-Pacific*[7] factors, including the royalties received by Defendant for the licensing of the patent-in-suit, the rates paid by Plaintiffs for use of other patents comparable to the patent-in-suit, the nature and scope of the licenses, the established profitability of the patented invention, the value of the patented invention, the extent to which Plaintiffs made use of the invention, and the opinion of the inventor as to the value of the invention.  Based upon this evidence, the Court finds that Plaintiffs are not entitled to judgment as a matter of law.

---

[1] 35 U.S.C. § 284.

[2] *Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co., Harris Press & Shear Div.*, 895 F.2d 1403, 1406 (Fed. Cir. 1990).

[3] *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1327 (Fed. Cir. 2014).

[4] *Id.* at 1328.

[5] *Devex Corp. v. Gen. Motors Corp.*, 667 F.2d 347, 361 (3d Cir. 1981).

[6] *Id.* at 363.

[7] *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

It is therefore

ORDERED that Plaintiffs' Motion for Judgment as a Matter of Law is DENIED.

DATED this 24th day of November, 2014.

                BY THE COURT:

                Ted Stewart
                United States District Judge